Wanamaker, J.
The sole question in this case is as to whether or not the amendments to the various sections of the statutes relating to county road bonds, passed by the general assembly February, 1920, whereby the maximum rate of interest was changed from five per cent, to six per cent., were or were not applicable to certain road improvements of Cuyahoga county theretofore ordered by the board of county commissioners.
Is a “road improvement,” as used in the statutes, a “proceeding,” as that term is used in Section 26, *238 General Code; and, if it is such a proceeding, then do the amended statutes under said Section 26 “otherwise expressly” provide in the amending acts?
These statutes must all be construed in connection with the legislative limitation provided and prescribed by the Ohio Constitution in Article II, especially Section 28 thereof, which, so far as pertinent here, reads: “The general assembly shall have no power to pass retroactive laws.”
The supreme court of Ohio in Miller et al. v. Hixson, Treas., 64 Ohio St., 39, had before it this identical provision of the constitution pertaining to retroactive laws. The first paragraph of the syllabus defines what is meant by the word “retroactive,” as follows:
“A statute which imposes a new or additional burden, duty, obligation, or liability, as. to past transactions, is retroactive, and in conflict with that part of section 28, article two of the constitution, which provides that, 'the general assembly shall have no power to pass retroactive laws.’ ”
The question before the court in the Miller case related to an extension of time during which taxes might be levied for road improvements, as appears from paragraph 2 of the syllabus, which reads:
“The amendment of section 4812, Revised Statutes, 83 O. L., 85, passed April 17, 1886, adding five years to the period for which extra taxes might be levied under the One Mile Pike Law, is retroactive and void as to such pikes as had been constructed before the passage of that amendment.”
*239 The general assembly of Ohio in enacting Section 26 of the General Code evidently believed it wise to extend that doctrine as a legislative policy to all pending improvements, unless it was expressly otherwise provided in the statutes providing for such improvements, and therefore enacted Section 26 as a limitation upon all future legislation, so long at least as said section remained in force.
This brings us to the purpose and scope of Section 26 as gathered from the context of the act and the judicial constructions, if any, that have been placed upon it by our courts.
Section 26, General Code, reads:
“Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions, or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions, or proceedings, unless so expressed, nor shall any repeal or amendment affect causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amended or repealing act.”
This section in substance and effect has been in effect for more than half a century, and has been before this court for interpretation in several cases.
It is urged on behalf of the relator that this question has been decided in Commissioners of Union County v. Greene, 40 Ohio St., 318; that it was there held that a county road improvement was not a proceeding within the meaning of that section, and that this case has never been expressly over *240 ruled, and therefore must be applied as the law of Ohio.
The syllabus of that case as reported by the supreme court reads:
“Afterwards and before any contract was made or assessment ordered, section 4842 of said act providing for the apportionment of the expense upon the real property, was amended by the act of April 15, 1880, which took effect upon its,passage, and by which the rule of apportionment was materially changed.
“Held: That the amendatory act applied to the proceedings, and the assessment made in conformity to its provisions, is right.”
No authority whatsoever is cited in support of this doctrine.
This case is considered in the later case of Cincinnati et al. v. Davis et al., 58 Ohio St., 225, the syllabus of which case clearly holds that the word “proceeding”' is broad enough to include improvement of streets and alleys. The syllabus thereof reads:
“Where a resolution, declaring the necessity of an improvement of an alley, is made by the proper board of a city, at the time the resolution is adopted, the subsequent amendment of the law, whereby the making of such improvements as to alleys of a certain width, is conferred on another board, does not work a discontinuance of the pending proceeding, though it be of such an alley; and the improvement should be prosecuted to completion by the board that adopted the resolution, unless other *241 wise expressly provided in the amendment. Cincinnati v. Seasongood, 46 Ohio St., 296, distinguished.”
This case is of the same general nature as the case at bar, in that it relates to the improvement of streets and alleys. Judge Minshall in the opinion, at page 234, discusses that section as follows:
“This section, as first adopted did not contain the second clause as to repeals or amendments affecting the remedy; but as there was a disposition to hold that it did not apply to such changes in the law, this clause was inserted, so that a repeal or amendment affecting the remedy should not apply to pending proceedings, 'unless so expressed;’ so that the amendment of March 30, 1893, does not apply to this case', if it is within the provisions of the above section, whether it relates to the remedy or not, for the amendment contains no express provision to that effect. There seems to be the same reason for applying the provisions of this section to a pending proceeding for the improvement of a road or street that there is for its application to a pending proceeding in the nature of a suit, where the change in the law simply applies to the mode of procedure. In either case it must be assumed that the proceeding was commenced with reference to the provisions of the existing law; and it is neither wise nor just, as a general rule, to disappoint the parties in this regard by a change of the law, and, as must frequently happen, after a considerable amount of costs and expenses have been incurred.”
*242 Judge Minshall continues:
“The section announces the permanent policy of the legislature as to the operation of its statutes; and, where there are, in its opinion, sufficient reasons for a departure from this policy in a particular instance, it has.declared that the departure shall be expressed in the amendatory statute. In so far as Commissioners v. Green, 40 Ohio St., 318, conflicts with this view it is not approved.”
Surely this disapproval of Commissioners v. Green, taken in conjunction with the syllabus of this case, heretofore quoted, clearly recognizes the word “proceeding,” as used in Section 26, as sufficiently comprehensive to include any road improvements, and to make all such subject to the limitation of that section.
In Raymond v. Cleveland, 42 Ohio St., 522, this court had before it the same section for construction, relating likewise to “street improvements,” and held, so far as pertinent here, in the third paragraph of the syllabus, as follows:
“That the various steps in council and before the boards, with respect to such street improvement, constituted a proceeding, within the meaning of the above provision [present Section 26 of the Code].”
Judge Okey in his opinion, at page 529, meets the contention of counsel in this cause, that Section 26 relates only to “judicial” proceedings, in the following language:
“Counsel for plaintiffs in error, contend that the provision has relation to vested and property *243 rights, pending actions, proceedings in the nature of actions, and the like, and does not extend to or embrace the right to make such an assessment or re-assessment. But we are unwilling to place any such limitation upon the provision.”
In the case of Cincinnati v. Seasongood, 46 Ohio St., 296, cited by Judge Minshall in his opinion in Cincinnati et al. v. Davis et al., supra, this same doctrine is approved, though the same identical question was not before the court. Judge Dickman in his opinion, at page 306, uses this language:
“But we may refer to the case Raymond v. Cleveland, 42 Ohio St., 522, in which it is held, upon forcible reasoning, that the successive steps to make an assessment or re-assessment for a street improvement, constitute a proceeding within the following saving clause of section 1539 of the Revised Statutes: ‘No suit, prosecution, or proceeding shall be in any manner affected by such change, but the same shall stand or proceed as if no such change had been made.’ ”
This comprehensive scope given to the word “proceeding” is clearly supported by the weight of authority in Ohio, and is in entire harmony with substantial justice to all property owners affected by such improvement, and likewise to the public.
New proceedings can be speedily taken by the proper authorities without any substantial delay, and the rights of all private persons, as well as the public, will be thereby abundantly safeguarded.
In principle such a construction is reinforced by the fact that the amendments in question in this case change the interest rate on the assessments *244 to conform to the interest rate on the bonds, thereby-enlarging the liability of property owners, and giving the laws, the amended acts, the character of retroactive legislation as affecting obligations predetermined by former proceedings and assesments under pre-existing laws.
We come now to the remaining question as to whether or not the amended acts, agreeable to said Section 26, otherwise expressly provide; that is, do the amendments expressly include pending road improvements ? Bouvier defines the word “express” as follows: “Stated or declared, as opposed to implied. That which is made known and not left to implication.”
It is defined in 19 Cyc., at page 21: “Given in direct terms; definite; explicit; manifest; not implied; not dubious; directly stated; not implied or left to inference; distinctly and pointedly given; * * * that which is made known and not left to implication.”
But the word itself is in such common use in law that there is no room for doubt as to its clear meaning. If the legislature had intended, in view of said Section 26, to include pending improvements theretofore ordered, or assessments theretofore made, it could have easily and clearly so expressed its plain purpose, and not left it to mere implication, which under the statute is obviously insufficient.
The language pointed out in the act as “expressly” providing for its application to pending improvements, if there be any such express provision, *245 is conceded to be in Section 3 of the bill. That section reads:
“This act is hereby declared to be an emergency act necessary for the immediate preservation of the public health, peace and safety, by reason of the fact certain districts in the state are unable to sell their bonds at the rate of interest •provided by the present law and if the operation is delayed until the end of the ninety days’ period provided by the constitution, the funds from such sales will not be available for carrying out the program of road construction during the current year.”
It is nowhere here declared that the necessary resolutions have been passed for the improvement, or the assessments made, but merely that the general scheme or plan of road improvements will be unreasonably delayed, and in many cases may be impossible under, the existing rate of interest provided for in the bonds. This Section 3 clearly was intended merely to exempt the act from the referendum, by declaring it to be an emergency act.
The writ therefore is denied.

Writ denied.

Jones, Matthias and Johnson, JJ., concur.
Nichols, C. J., dissents.